■ In the Matter of MEILECH FASTAG et al., Respondents, v CHEMICAL BANK, Now Known as CHASE MANHATTAN BANK, Appellant. [662 NYS2d 466] —Order and judgment (one paper), Supreme Court, New York County (Joan Lobis, J.), entered January 31, 1997, which, in a proceeding pursuant to CPLR 5239 to determine creditor priorities, *inter alia*, granted petitioners' motion for a stay of respondent's sale of any interest in the stock certificate and proprietary lease for a certain cooperative apartment, directed respondent and its counsel to return the certificate and lease to petitioners' counsel, denied respondent's cross motion for summary judgment dismissing the petition, and determined that respondent does not have a

perfected security interest in the stock and lease, and order, same court and Justice, entered December 17, 1996, which denied respondent's motion to dismiss the petition on the ground of lack of capacity, unanimously affirmed, with one bill of costs. The appeal from an order, same court and Justice, entered December 6, 1996, is unanimously dismissed as abandoned, without costs.

The motion court correctly determined that respondent had failed to perfect a security interest in the apartment because, while its security agreement and financing statement correctly describe the "stock" as a certain number of shares of a certain residential cooperative, those documents misdescribed the "apartment" to which such shares were allocated as being located in a different building and it cannot be said that a misdescription of this kind reasonably identified the collateral (UCC 9-110; *cf., Cantrade Private Bank Lausanne v Torresy*, 876 F Supp 564, 574). We also agree with the IAS Court that respondent waived its lack of capacity argument by failing to include such ground for dismissal in its responsive pleading or in its initial motion to dismiss (CPLR 3211 [a] [3]; [e]). We have considered respondent's other contentions and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.