■ MANUEL CASTILLO et al., Appellants, v HENRY SCHEIN, INC., et al., Respondents. [686 NYS2d 818] —In an action to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated July 31, 1997, which (1) granted the defendants' motion for leave to amend their answer to assert a counterclaim for conversion, and (2) denied the plaintiffs' cross motion for leave to amend their complaint and to compel discovery.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for leave to amend their answer to assert a counterclaim for conversion (*see generally, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; CPLR 3025). Contrary to the plaintiffs' contention, the defendants made the requisite "evidentiary showing that the claim can be supported", based on excerpts of the deposition testimony of the plaintiff Manuel Castillo (*see, Morgan v Prospect Park Assocs. Holdings,* 251 AD2d 306; *see also, Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135).

The branch of the plaintiffs' cross motion which was for leave to amend their complaint was properly denied, as the proposed causes of action were clearly lacking in merit (*see, Metral v Horn,* 213 AD2d 524; *McKiernan v McKiernan,* 207 AD2d 825).

With respect to that branch of the plaintiffs' cross motion

which was to compel discovery, the Supreme Court did not improvidently exercise its discretion by directing the defendants to present an affidavit of due diligence in lieu of the documents requested. It is well settled that a trial court is given broad discretion to oversee the discovery process (*see, Lamagna v New York State Assn. for Help of Retarded Children,* 222 AD2d 559; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579) and that a party cannot be compelled to produce documents which do not exist (*see, Wilensky v JRB Mktg. & Opinion Research,* 161 AD2d 761; *Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.