■ FRANCINE MONTGOMERY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [745 NYS2d 464] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 26, 2001, as granted their motion to strike the defendants' answer pursuant to CPLR 3126 (3) only to the extent of directing that the answer be stricken unless the defendants produce a witness for an examination before trial by a date certain.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the motion is granted in its entirety, the answer is stricken, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (*see Soto v City of Long Beach,* 197 AD2d 615, 616; *Spira v Antoine,* 191 AD2d 219), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious or in bad faith" (*Harris v City of New York,* 211 AD2d 663, 664).

In the instant case, the Supreme Court improvidently exercised its discretion in not granting the motion to strike the defendants' answer in its entirety (*see Herrera v City of New York,* 238 AD2d 475). The defendants' willful and contuma-

cious conduct can be inferred from their repeated failures to comply with court orders directing disclosure (*see Espinal v City of New York,* 264 AD2d 806) and the inadequate excuses offered to justify the defaults (*see Porreco v Selway,* 225 AD2d 752, 753; *DeGennaro v Robinson Textiles,* 224 AD2d 574). Thus, the plaintiffs satisfied their initial burden of proving willfulness, shifting the burden to the defendants to offer a reasonable excuse for their failure to comply (*see Espinal v City of New York, supra*). At no time did the defendants offer a reasonable excuse for their repeated failures to comply with the plaintiffs' outstanding discovery demands and the orders directing disclosure. Accordingly, the plaintiffs' motion to strike the answer should have been granted in its entirety, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages. Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.