■ AUTOMOTIVE MANUFACTURING AND SUPPLY COMPANY, Respondent, v SALVATORE SACCULLO et al., Appellants. [750 NYS2d 763] —In an action to recover damages for breach of fiduciary duty and to permanently enjoin the defendant Salvatore Saccullo from utilizing the plaintiff's confidential business information, the defendant Salvatore Saccullo appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 7, 2001, as granted

that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike his answer for failure to comply with discovery demands, and denied as academic that branch of his cross motion which was to vacate a preliminary injunction against him, and the defendants Domenica Saccullo, Dennis Flavin, Mary Ann Flavin, Michael Bartone, Monmary Corp., Electrical Rebuilders Alternative, Inc., and Bartone Products Inc., separately appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike their answer for failure to comply with discovery demands.

Ordered that the order is reversed insofar as appealed from by the defendants Domenica Saccullo, Dennis ·Flavin, Mary Ann Flavin, Michael Bartone, Monmary Corp., Electrical Rebuilders Alternative, Inc., and Bartone Products, Inc., as a matter of discretion, that branch of the plaintiff's motion which was to strike the answer of those defendants is denied, and their answer is reinstated; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Salvatore Saccullo; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Salvatore Saccullo.

The Supreme Court properly granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike the answer of the defendant Salvatore Saccullo for failure to comply with discovery demands, since Saccullo ignored the orders of the Supreme Court directing disclosure (*see* CPLR 3126; *Montgomery v City of New York,* 296 AD2d 386; *Lavi v Lavi,* 256 AD2d 602).

However, the Supreme Court improvidently exercised its discretion in striking the answer of the remaining defendants. These defendants made two efforts to comply with the plaintiff's document demands. Their attorney noted that their efforts to comply were hampered by the unavailability of Saccullo's counsel. In view of the foregoing, it cannot be said that these defendants willfully and contumaciously failed to comply with disclosure. Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.