■ A.F.C. Enterprises, Inc., Respondent, v New York City School Construction Authority, Appellant. [822 NYS2d 775]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated September 9, 2005, as, upon renewal, adhered to its prior determination denying those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3126 and to impose monetary sanctions.

Ordered that the order is affirmed insofar as appealed from, with costs.

Actions should be resolved on their merits whenever possible, and the drastic remedy of the striking of a pleading should not be employed without a "clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Espinal v City of New York*, 264 AD2d 806 [1999] [internal quotation marks omitted]; *see Byrne v City of New York*, 301 AD2d 489, 490 [2003]; *Bach v City of New York*, 304 AD2d 686 [2003]; *Payne v Rouse Corp.*, 269 AD2d 510 [2000]). The Supreme Court properly declined to dismiss the complaint, finding that the plaintiff substantially complied with outstanding discovery requests and that its conduct was not willful, contumacious, or in bad faith (*see Bach v City of New York, supra; Byrne v City of New York, supra; Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]). For the same reasons, monetary sanctions were not warranted. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.