■ NATHALIE E. EDWARDS et al., Respondents, v PRESCOTT CAB CORP. et al., Appellants. [972 NYS2d 629]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 18, 2012, as granted that branch of the plaintiffs' motion which was to strike the answer insofar as asserted by the defendant Raja Jurat Hossain for repeated failure to comply with discovery orders, and to preclude that defendant from testifying at trial, and (2) from an order of the same court dated June 20, 2012, which denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Nathalie E. Edwards did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the defendant Prescott Cab Corp. from so much of the order dated June 18, 2012, as granted that branch of the plaintiffs' motion which was to strike the answer insofar as asserted by the defendant Raja Jurat Hossain is dismissed, as the defendant Prescott Cab Corp. is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order dated June 18, 2012, is affirmed insofar as appealed from by the defendant Raja Jurat Hossain; and it is further;

Ordered that the order dated June 20, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

"[A] trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]). The litigants' willful and contumacious conduct can be inferred from their repeated failures to comply with court orders directing disclosure (*see Espinal v City of New York*, 264 AD2d 806 [1999]) and the inadequate excuses offered to justify the defaults (*see Porreco v Selway*, 225 AD2d 752, 753 [1996]; *DeGennaro v Robinson Textiles*, 224 AD2d 574 [1996]).

At the time the plaintiffs moved to strike the answer, more than six years after commencing this action, the defendant Raja Jurat Hossain still had not appeared for his deposition, in violation of two discovery orders. In opposition to the motion, defense counsel's in-house investigator stated that he had been unable to locate Hossain. Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was to strike the answer insofar as asserted by Hossain (*see Montgomery v City of New York*, 296 AD2d 386, 386-387 [2002]).

The Supreme Court also properly denied the defendants' cross

motion for summary judgment dismissing the complaint, which was made on the ground that the plaintiff Nathalie E. Edwards (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants failed to meet their prima facie burden of demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiffs' claim, clearly set forth in the bill of particulars, that the injured plaintiff sustained a serious injury to her hip (*see Staff v Yshua*, 59 AD3d 614 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.