■ SERRITA STONE, Respondent, v ELENA ZINOUKHOVA et al., Defendants, and SANITATION SALVAGE CORP. et al., Appellants. [990 NYS2d 567]—

In an action to recover damages for personal injuries, the defendants Sanitation Salvage Corp. and Roger Powell appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 6, 2013, as, in ef-

fect, granted those branches of the plaintiff's motion which were to strike the answer insofar as asserted by the defendant Roger Powell and for an inquest against him for failure to comply with discovery.

Ordered that the appeal by the defendant Sanitation Salvage Corp. is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Roger Powell; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Roger Powell.

"[A] trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against such party (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Edwards v Prescott Cab Corp.*, 110 AD3d 671 [2013]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798 [2010]). However, public policy favors the resolution of cases on the merits (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]; *A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 737 [2006]). Accordingly, "the 'drastic remedy' of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686 [2011], quoting *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *see Commisso v Orshan*, 85 AD3d 845 [2011]; *Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]; *Giano v Ioannou*, 78 AD3d 768, 770 [2010]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply . . . or a failure to comply with court-ordered discovery over an extended period of time" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686-687 [internal quotation marks and citations omitted]; *see Orgel v Stewart Tit. Ins Co.*, 91 AD3d 922 [2012]; *Commisso v Orshan*, 85 AD3d at 845; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *Morgenstern v Jeffsam Corp.*, 78 AD3d at 914).

Here, the plaintiff moved to strike the answer insofar as asserted by the defendant Roger Powell (hereinafter the defend-

ant) almost three years after commencing this action. At that time, the defendant still had not appeared for a deposition, despite numerous "so-ordered" extensions entered into between counsel for the parties, and in violation of a court order directing him to appear for such deposition. In opposition to the motion, defense counsel's investigator stated that he had been unable to locate the defendant. Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the answer insofar as asserted by the defendant and to direct an inquest against him (*see Edwards v Prescott Cab Corp.*, 110 AD3d at 672; *Mason v MTA N.Y. City Tr.*, 38 AD3d 258 [2007]; *Montgomery v City of New York*, 296 AD3d 386, 386-387 [2002]).

The defendant's remaining contentions do not warrant a different result herein. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.