■ CRYSTAL CLEAR DEVELOPMENT, LLC, Appellant, v DEVON ARCHITECTS OF NEW YORK, P.C., et al., Respondents. [7 NYS3d 361]—

In an action, inter alia, to recover damages for breach of contract and professional malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered January 25, 2013, which, upon the granting of the defendants' motion pursuant to CPLR 3126, made during the trial, to dismiss the causes of action alleging breach of contract and professional malpractice for failure to comply with an order of discovery, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 3126 to dismiss the causes of action alleging breach of contract and professional malpractice is denied, those causes of action are reinstated, and the matter is remitted to the Supreme Court, Nassau County, before a different Justice, for further proceedings consistent herewith.

In 2005, nonparty Jennifer Capala, her husband, and her mother formed a limited liability company, Crystal Clear Development, LLC (hereinafter Crystal), to undertake a real estate development project. After Crystal purchased certain real property on Frost Street in Brooklyn, Capala and her husband consulted with Steven Lane, the owner of Devon Architects of New York, P.C. (hereinafter Devon). Devon was eventually hired as the architect for the project, and an agreement to this effect was signed by "Steven Lane President" and by "Jennifer Capala." Devon, among other things, prepared and filed plans and helped Crystal retain the services of a general contractor.

After certain disputes arose, Crystal commenced the instant action against Devon and Lane (hereinafter together the defendants), inter alia, to recover damages for breach of contract and professional malpractice. While the defendants, in their answer, generally asserted that Crystal lacked standing to pursue its claims against them, in a subsequent motion to dismiss the complaint pursuant to CPLR 3211 (a) and/or for summary judgment dismissing certain causes of action, they did not argue that the complaint should be dismissed for lack of standing. Furthermore, they did not make any such argument on the appeal from the order which denied part of their motion (*see generally Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 97 AD3d 716 [2012]).

At trial, however, after Crystal introduced into evidence the underlying contract for architectural services, the Supreme Court, in an off-the-record conference, sua sponte raised an issue concerning the signatures on the contract, and apparently

questioned whether Crystal was, in fact, the party that had retained the defendants' services. In response, Crystal's attorney argued, among other things, that this issue had never been in dispute. Counsel further indicated that Jennifer Capala had assigned the contract to Crystal, and that there was evidence demonstrating that the defendants were aware of this assignment. When the Supreme Court asked Crystal to produce documents evidencing this "assignment," Crystal's attorney indicated that the assignment was done orally and that the defendants had consented. Counsel produced documents indicating that the defendants were aware of the assignment, including invoices sent from Devon to Crystal, but could not produce documents evidencing the alleged oral assignment, explaining that no such documents existed.

The defendants then moved pursuant to CPLR 3126 to dismiss the remaining causes of action, which were those alleging breach of contract and professional malpractice, based upon the plaintiff's failure to comply with discovery orders. The Supreme Court granted the defendants' motion, and a judgment dismissing the complaint was then entered. Crystal appeals, and we reverse.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (see CPLR 3126 [3]; Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654, 655 [2010]; Workman v Town of Southampton, 69 AD3d 619, 620 [2010]; McArthur v New York City Hous. Auth., 48 AD3d 431 [2008]). However, the drastic remedy of the striking of a pleading pursuant to CPLR 3126 is appropriate only where the conduct of the resisting party is shown to be willful and contumacious (see Holand v Cascino, 122 AD3d 575 [2014]; Pirro Group, LLC v One Point St., Inc., 71 AD3d at 655; Workman v Town of Southampton, 69 AD3d at 620; Eagle Star Ins. Co. of Am. v Behar, 207 AD2d 326, 326 [1994]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply" (Duncan v Hebb, 47 AD3d 871, 871 [2008] [internal quotation marks omitted]; see Workman v Town of Southampton, 69 AD3d at 620; McArthur v New York City Hous. Auth., 48 AD3d at 431).

Here, the record shows that Crystal responded to the defendants' discovery demands and produced numerous documents as directed in a discovery compliance order. While Crystal could not produce documents evidencing the alleged assignment of the underlying contract for architectural services, it clearly

explained that no such documents existed because the assignment was done orally. Instead, it produced evidence indicating that the defendants were aware of the assignment. Under these circumstances, there was no showing of a pattern of willful failure to respond to discovery demands or comply with disclosure orders, so as to justify dismissing the complaint (*see Holand v Cascino*, 122 AD3d 575 [2014]; *Matter of Blauman-Spindler v Blauman*, 68 AD3d 1105, 1107 [2009]; *Diel v Rosenfeld*, 12 AD3d 558, 559 [2004]). In this regard, we note that an assignment may be made by oral communication and does not have to be supported by consideration (*see American Banana Co. v Venezolana Internacional De Aviacion S.A. [VIASA]*, 67 AD2d 613, 614 [1979], *affd* 49 NY2d 848 [1980]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion pursuant to CPLR 3126 to dismiss the causes of action alleging breach of contract and professional malpractice.

The defendants argue, alternatively, that the causes of action alleging breach of contract and professional malpractice should have been dismissed for lack of standing. The defendants, however, waived this defense by not moving on these grounds in their prior motion to dismiss the complaint pursuant to CPLR 3211 (a) and/or for summary judgment dismissing certain causes of action, by not raising this issue in the prior appeal to this Court, and by otherwise actively participating in this litigation for several years without raising any such concern (*see* CPLR 3211 [e]; *City of New York v State of New York*, 86 NY2d 286, 292 [1995]; *Reich v Wolf & Fuhrman, P.C.*, 36 AD3d 885, 887 [2007]; *Matter of Fastag v Chemical Bank*, 242 AD2d 445, 446 [1997]; *see generally Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

Crystal's remaining contentions are without merit. Rivera, J.P., Austin, Roman and Barros, JJ., concur.