■ FREDERICK M. CIOFFI et al., Appellants-Respondents, v S.M. FOODS, INC., et al., Defendants, ATLANTA FOODS INTERNATIONAL et al., Respondents-Appellants, and RYDER TRUCK RENTAL, INC., Respondent. (And a Third-Party Action.) (Appeal No. 1.) FREDERICK M. CIOFFI et al., Appellants, v S.M. FOODS, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) (Appeal No. 2.) [36 NYS3d 475]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 7, 2013, as granted those branches of the motion of the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay which were to compel them to provide a supplemental expert witness disclosure and to respond to certain discovery demands, and denied those branches of their cross motion which were to strike the answer of those defendants and of the defendant Ryder Truck Rental, Inc., or, in the alternative, to preclude those defendants from offering certain evidence at trial, and the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay, cross-appeal from so much of the same order as granted that branch of the plaintiffs' cross motion which was to impose sanctions against them to the extent of directing that a negative inference charge be given against them at trial, and (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court dated January 22, 2014, as denied those branches of their motion which were to strike the answers of the defendants Atlanta Foods International, Russell McCall's, Inc., Doug Jay, and Ryder Truck Rental, Inc., or, in the alternative, to preclude those defendants and the defendant S.M. Foods, Inc., from offering evidence at trial regarding certain theories of liability.

Ordered that the order dated November 7, 2013, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated January 22, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug

Jay, and the defendants Ryder Truck Rental, Inc., and S.M. Foods, Inc., appearing separately and filing separate briefs, payable by the plaintiffs.

On May 22, 2009, the plaintiff Frederick M. Cioffi (hereinafter the injured plaintiff), a police officer, allegedly was injured while he was conducting a traffic stop on foot when he was struck by a tractor trailer operated by the defendant Daniel E. Burke. The tractor trailer was owned by the defendant Ryder Truck Rental, Inc. (hereinafter Ryder). On September 19, 2008, the tractor trailer had been leased pursuant to a rental agreement to the defendant GFI Boston, LLC (hereinafter GFI), Burke's employer. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Ryder, GFI, Burke, and certain of GFI's corporate parents and principals, namely, the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay (hereinafter collectively the Atlanta defendants), to recover damages for personal injuries (*see Cioffi v S.M. Foods, Inc.*, 129 AD3d 888 [2015]).

The Atlanta defendants moved, inter alia, to compel the plaintiffs to provide a supplemental expert witness disclosure and to respond to certain discovery demands. The plaintiffs cross-moved, inter alia, to strike the answers of the Atlanta defendants and Ryder or, in the alternative, to preclude those defendants from offering certain evidence at trial, or for other sanctions based upon their alleged failure to comply with disclosure orders and demands. In an order dated November 7, 2013, the Supreme Court granted those branches of the Atlanta defendants' motion which were to compel the plaintiffs to provide a supplemental expert disclosure and other items, and granted that branch of the plaintiffs' cross motion which was to impose sanctions against the Atlanta defendants to the extent of directing that a negative inference charge be given at trial against the Atlanta defendants based upon their destruction of certain electronic data. The court otherwise denied the plaintiffs' cross motion. The plaintiffs appeal and the Atlanta defendants cross-appeal from this order.

The plaintiffs then moved, inter alia, to strike the answers of the Atlanta defendants and Ryder or, in the alternative, to preclude those defendants and the defendant S.M. Foods, Inc. (hereinafter S.M. Foods), from offering certain evidence at trial. In an order dated January 22, 2014, the Supreme Court denied those branches of the plaintiffs' motion. The plaintiffs appeal from this order.

" '[A] trial court is given broad discretion to oversee the discovery process' " (*Maiorino v City of New York*, 39 AD3d 601,

601 [2007], quoting *Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]; *see Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798, 799 [2016]). Thus, "[t]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d at 799 [internal quotation marks omitted]; *see Gould v Decolator*, 131 AD3d 445, 447 [2015]; *Ligoure v City of New York*, 128 AD3d 1027, 1028 [2015]; *Daniels v City of New York*, 117 AD3d 981 [2014]). Nevertheless, this Court is "vested with a corresponding power to substitute its own discretion for that of the trial court" (*Peculic v Sawicki*, 129 AD3d 930, 931 [2015]; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032 [1984]).

Turning first to that branch of the Atlanta defendants' motion which was for additional disclosure in connection with the plaintiffs' expert witness disclosure, a litigant is required to "identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i]). The CPLR exempts attorney work product from disclosure (*see* CPLR 3101 [c]; *Oakwood Realty Corp. v HRH Constr. Corp.*, 51 AD3d 747, 749 [2008]). However, "the party asserting the privilege that material sought through discovery was prepared exclusively in anticipation of litigation or constitutes attorney work product bears the burden of demonstrating that the material it seeks to withhold is immune from discovery by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation" (*Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566 [2012] [citation omitted]). Furthermore, "[n]ot every manifestation of a lawyer's labors enjoys the absolute immunity of work product. The exemption should be limited to those materials which are uniquely the product of a lawyer's learning and professional skills, such as materials which reflect his [or her] legal research, analysis, conclusions, legal theory or strategy" (*Hoffman v Ro-San Manor*, 73 AD2d 207, 211 [1980]; *see Beach v Touradji Capital Mgt., LP*, 99 AD3d 167, 170 [2012]; *Kinge v State of New York*, 302 AD2d 667, 670 [2003]).

Here, the plaintiffs contend that materials obtained by their attorney via requests pursuant to state and federal freedom of information laws are privileged attorney work product. However, this material cannot be characterized as being "uniquely the product of [the plaintiffs' counsel's] learning and professional skills" or as reflecting his "legal research, analysis, conclusions, legal theory or strategy" (*Hoffman v Ro-San Manor*, 73 AD2d at 211). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting that branch of the Atlanta defendants' motion which was to compel the plaintiffs to disclose this material.

We turn next to those branches of the plaintiffs' cross motion which were strike the answers of the Atlanta defendants and Ryder or, in the alternative, to preclude those defendants from offering certain evidence at trial. The plaintiffs contended that these defendants' answers should be stricken on the ground that they failed to comply with discovery demands and orders. Pursuant to CPLR 3126, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may, inter alia, strike that party's pleadings or portions thereof (CPLR 3126 [3]). " 'The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court' " and will not be disturbed absent an improvident exercise of discretion (*Giano v Ioannou*, 78 AD3d 768, 770 [2010], quoting *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Silberstein v Maimonides Med. Ctr.*, 109 AD3d 812, 814 [2013]; *John Hancock Life Ins. Co. of N.Y. v Triangulo Real Estate Corp.*, 102 AD3d 656, 657 [2013]). However, "the 'drastic remedy' of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686 [2011] [citation omitted], quoting *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 801 [2010]; *see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]; *Silberstein v Maimonides Med. Ctr.*, 109 AD3d at 814; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]). Precluding a party from presenting evidence is also a drastic remedy which generally requires a showing that the party's conduct is willful and contumacious (*see Jennings v Orange Regional Med. Ctr.*, 102 AD3d 654, 656 [2013]).

"Willful and contumacious conduct may be inferred from a

party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686-687 [citations and internal quotation marks omitted]; *see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d at 913; *Commisso v Orshan*, 85 AD3d 845 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the motion court" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686; *see Commisso v Orshan*, 85 AD3d at 845; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954 [2009]).

In this case, the record does not establish that the conduct of the Atlanta defendants or Ryder was willful or contumacious. In support of their request for sanctions, the plaintiffs point primarily to those defendants' objections or their statements that items had already been produced or could not be found. Such statements cannot be characterized as willful resistance to discovery, nor can the objections, many of which were upheld by the Supreme Court, be considered evidence of a recalcitrant failure to participate in discovery. Furthermore, in the order dated November 7, 2013, the court made a careful and thorough inventory of the parties' demands and responses, provided a particularized list of 18 categories of documents to which it found the plaintiffs were entitled, and identified which defendants were responsible for providing each category of documents. This examination of the parties' discovery demands demonstrates the court's attention to detail and its efforts to manage disclosure in a manner that was both just and fair. Therefore, the court providently exercised its discretion in determining that the drastic sanctions of striking the pleadings of the Atlanta defendants and Ryder, or precluding those defendants from presenting evidence at trial, were not warranted.

The plaintiffs also asserted that the Atlanta defendants' answer should be stricken based upon their spoliation of certain evidence. "Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (*Morales v City of New York*, 130 AD3d 792, 793 [2015]; *see* CPLR 3126; *Doviak v Finkelstein & Partners, LLP*, 137 AD3d 843, 845-846 [2016]; *Eremina v Scparta*, 120 AD3d 616, 617 [2014]; *Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d 605, 606 [2014]). "The

party requesting sanctions for spoilation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense" (*Morales v City of New York*, 130 AD3d at 793 [internal quotation marks omitted]; *see Doviak v Finkelstein & Partners, LLP*, 137 AD3d at 846; *Lentini v Weschler*, 120 AD3d 1200, 1201 [2014]).

" 'The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party' " (*Morales v City of New York*, 130 AD3d at 793, quoting *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *see Lentini v Weschler*, 120 AD3d at 1201). "[T]he Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" and may, "under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided the spoliator was on notice that the evidence might be needed for future litigation" (*Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d at 606; *see Doviak v Finkelstein & Partners, LLP*, 137 AD3d at 846; *Ortiz v Bajwa Dev. Corp.*, 89 AD3d 999 [2011]; *Awon v Harran Transp. Co., Inc.*, 69 AD3d 889, 890 [2010]).

When the moving party is still able to establish or defend a case, a less severe sanction than striking a pleading is appropriate (*see Morales v City of New York*, 130 AD3d at 794; *De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]). Furthermore, where the plaintiffs and the defendants are equally affected by the loss of the evidence and neither has reaped an unfair advantage in the litigation, it is improper to dismiss or strike a pleading on the basis of spoliation of evidence (*see De Los Santos v Polanco*, 21 AD3d at 398; *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629-630 [2005]).

The determination of the appropriate sanction for spoliation is within the broad discretion of the court (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d at 606; *Ortiz v Bajwa Dev. Corp.*, 89 AD3d at 999). This Court will substitute its judgment for that of the Supreme Court only if that court's discretion was improvidently exercised (*see Doviak v Finkelstein & Partners, LLP*, 137 AD3d at 846; *Morales v City of New York*, 130 AD3d at 793; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714).

Here, the record supports the Supreme Court's conclusion that, at the time the Atlanta defendants destroyed the electronic data at issue, they were parties to this litigation and knew or should have known of the potential relevance of the data to the plaintiffs' claims. Nevertheless, the plaintiffs have not demonstrated that the Atlanta defendants' destruction of the data was willful rather than merely negligent. In addition, the plaintiffs have not demonstrated that the destruction of the data has significantly affected their ability to prove their claims. Accordingly, the Supreme Court providently exercised its discretion in declining to strike the Atlanta defendants' answer or preclude them from presenting evidence (*see Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 656; *see also Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). However, contrary to the Atlanta defendants' contention, since they knew or should have known that the data should have been preserved, the imposition of the lesser sanction of a negative inference was appropriate. Therefore, the court properly granted that branch of the plaintiffs' motion which was to impose a sanction against the Atlanta defendants to the extent of directing that a negative inference charge be given against them at trial.

Turning finally to the plaintiffs' appeal from the order dated January 22, 2014, we find that the plaintiffs failed to demonstrate their entitlement to an order striking the answers of the Atlanta defendants and Ryder. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike those defendants' answers (*see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d at 913; *Silberstein v Maimonides Med. Ctr.*, 109 AD3d at 814; *Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 656).

The parties' remaining contentions are without merit. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.