■ JOHN S. DESIDERIO, Appellant-Respondent, v GEICO GENERAL INSURANCE COMPANY, Respondent-Appellant. [61 NYS3d 309]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered January 23, 2015, as granted that branch of his cross motion which was pursuant to CPLR 3126 to strike the defendant's answer only on condition that the defendant failed to produce a named witness for deposition by a date certain, and the defendant cross-appeals, as limited by its brief, from so much of the same order as conditionally granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 to strike its answer and imposed sanctions against it pursuant to 22 NYCRR 130-1.1 (a).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The trial court has "broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]; *see Henry v Datson*, 140 AD3d 1120, 1121 [2016]; *Maiorino v City of New York*, 39 AD3d 601, 601 [2007]). The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the trial court (*see Pesce v Fernandez*, 144 AD3d 653, 654 [2016]; *Krause v Lobacz*, 131 AD3d 1128, 1128-1129 [2015]; *Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 877 [2015]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). "As public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious" (*Henry v Datson*, 140 AD3d at 1122; *see Singer v Riskin*, 137 AD3d 999, 1001 [2016]; *Krause v Lobacz*, 131 AD3d at 1129; *Stone v Zinoukhova*, 119 AD3d 928, 929 [2014]; *Friedman, Harfenist, Langer & Kraut v*

*Rosenthal*, 79 AD3d at 800). Under the circumstances of this case, the Supreme Court providently exercised its discretion in conditionally striking the defendant's answer unless it produced the named witness for deposition by a certain date.

Furthermore, under the circumstances of this case, the Supreme Court providently exercised its discretion in imposing a sanction against the defendant (*see* 22 NYCRR 130-1.1). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.