■ Douglas Elliman LLC, Appellant, v Shoshana Tal, Also Known as Shoshana Mendelovici, et al., Respondents. [65 NYS3d 697]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 20, 2017, which, to the extent appealed from, granted so much of defendants' motion pursuant to CPLR 3126 as sought an adverse inference charge against plaintiff, for the purposes of summary judgment and trial, that defendant Tal notified plaintiff in 2008 of her employment with another real estate brokerage firm, Itzhaki Properties, and of her desire for dual licensure, to which plaintiff agreed, and to preclude plaintiff from presenting evidence to the contrary, unanimously affirmed, with costs.

The record demonstrates that plaintiff acted with gross negligence in destroying ESI not only after commencement of the action triggered a duty to preserve, but after defendant Tal's deposition, in which she referenced an email exchange in which she allegedly advised plaintiff that she had started working at Itzhaki Properties, and requested dual licensure, which plaintiff approved (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). Accordingly, the court properly exercised its discretion in presuming the relevance of the email exchange and imposing spoliation sanctions (id.). Further, the court engaged in "an appropriate balancing under the circumstances" by ordering a tailored adverse inference charge limited to the alleged contents of the email exchange regarding defendant's Tal's work at Itzhaki Properties, and precluding plaintiff from presenting contrary evidence (id. at 47).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.