Ahmed v Ahmed (2019 NY Slip Op 06580)





Ahmed v Ahmed


2019 NY Slip Op 06580


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-12440
 (Index No. 701209/13)

[*1]Kamal Ahmed, respondent,
v
Masum N. Ahmed, et al., appellants.


David J. Hernandez, Brooklyn, NY (Richard H. Gottesman of counsel), for appellants.
Kerr, LLP, New York, NY (William B. Kerr of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 18, 2016. The judgment, upon an order of the same court dated September 22, 2014, conditionally striking the defendants' answer; an order of the same court dated August 12, 2015, granting, on default, the plaintiff's motion to strike the defendants' answer; and an order of the same court dated August 20, 2015, denying the defendants' motion, in effect, to vacate the August 12, 2015, order, and following an inquest, determined that the plaintiff is the lawful fee owner of the subject property and cancelled the defendants' purported deed to the property.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to quiet title to certain property in Queens and to recover damages for fraud. The complaint alleged that the premises were conveyed to the plaintiff by his father in a deed dated October 16, 2012, which was acknowledged by an United States State Department official at the American embassy in Bangladesh. The complaint alleged that a second deed purporting to convey the premises to the defendants, the plaintiff's half-siblings, was purportedly executed on the same day and acknowledged by the same official, but was a forgery or was fraudulently altered. The plaintiff served a notice of discovery and inspection (hereinafter the D & I notice), dated November 22, 2013, upon the defendants, seeking production of the defendants' original deed. Pursuant to a preliminary conference order dated March 14, 2014, the defendants were directed to respond to the D & I notice by March 25, 2014, and depositions of the parties were to be conducted by April 25, 2014. The defendants did not produce their original deed or appear for depositions. On April 1, 2014, the defendants responded to the D & I notice by stating that they were not in possession of their original deed. The defendants twice failed to appear for scheduled depositions, without excuse. In a compliance conference order dated June 10, 2014, the Supreme Court directed the production of all documents requested, subject to objection, within 20 days. Depositions of the defendants were scheduled for July 9, 2014. The defendants again failed to appear for the depositions.
In an order dated September 22, 2014 (hereinafter the conditional strike order), the [*2]Supreme Court granted the plaintiff's motion to stay a separate related proceeding and, sua sponte, directed that the defendants' answer would be stricken and an inquest conducted, unless within 45 days of service of the order, the defendants fully and meaningfully responded, without objection, to all of the plaintiff's outstanding discovery demands. The parties stipulated that the conditional strike order resolved the plaintiff's pending motion to compel the defendants to appear for depositions and produce their original deed to the premises for inspection.
Two of the defendants appeared for depositions on the last day permitted by the conditional strike order, but the defendant Mustafa Ahmed did not appear, purportedly because he was out of the country for several months. At their depositions, the appearing defendants testified that their original deed had been lost during a move which occurred after they received the summons and complaint in this action. The plaintiff moved to enforce the conditional strike order by striking the defendants' answer. In an order dated August 12, 2015 (hereinafter the strike order), issued upon the defendants' default in opposing the motion, the Supreme Court granted the plaintiff's motion, struck the defendants' answer, and directed an inquest "[i]n light of the defendants' delays and possible spoliation of evidence." In an order dated August 20, 2015, the court denied the defendants' motion, in effect, to vacate the strike order. Following an inquest, the court entered a judgment on November 18, 2016, determining that the plaintiff is the owner of the premises and cancelling the defendants' purported deed. The defendants appeal.
Preliminarily, contrary to the plaintiff's contention, the conditional strike order is brought up for review on this appeal from the final judgment (see CPLR 5501[a][1]). The defendants did not stipulate to the propriety of the conditional strike order (cf. Hopkins v Hopkins, 97 AD2d 457, 457). Further, sua sponte orders which necessarily affect the final determination are reviewable on appeal from the final judgment (see Braun v Cesareo, 170 AD3d 1540; Shah v Oral Cancer Prevention Intl., Inc., 138 AD3d 722, 723-724). Additionally, the August 20, 2015, order denying the defendants' motion, in effect, to vacate the strike order is brought up for review on this appeal (see CPLR 5501[a][1]; Merlino v Merlino, 171 AD3d 911, 912-913).
The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839). The striking of a pleading may be appropriate as a sanction where there is a clear showing that the failure to comply with discovery demands is willful and contumacious (see CPLR 3126[3]; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066; Devito v J & J Towing, Inc., 17 AD3d 624, 625). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944). Here, the Supreme Court providently exercised its discretion in conditionally striking the defendants' answer unless they fully and meaningfully complied with the outstanding discovery requests (see Desiderio v GEICO Gen. Ins. Co., 153 AD3d 1322, 1323; Crescent Elec. Supply Co., Inc., of N.Y. v Travelers Cas. & Sur. Co. of Am., 111 AD3d 659, 660).
A party moving pursuant to CPLR 5015(a)(1) to vacate a default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the motion (see Arroyo v Starrett City, Inc., 170 AD3d 929; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860). A party's subsequent failure to comply with a conditional order warrants imposition of the conditional sanction (see Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co., 97 AD2d 462). On his motion to strike the answer, the plaintiff established that such a sanction was warranted because the defendants failed to comply with the conditional strike order by each appearing for a deposition, and further that the defendants had negligently failed to preserve the crucial evidence of their original deed after being placed on notice of a duty to preserve the deed by commencement of the action (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548; Douglas Elliman LLC v Tal, 156 AD3d 583, 584; Cioffi v S.M. Foods, Inc., 142 AD3d 520, 526; Strong v City of New York, 112 AD3d 15, 21-22). On their motion, in effect, to vacate the strike order, the defendants failed to demonstrate a potentially meritorious defense to the motion to strike their [*3]answer (see Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814; cf. Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 615). Accordingly, we agree with the Supreme Court's determination denying the defendants' motion, in effect, to vacate the strike order.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court