Bouri v Jackson (2019 NY Slip Op 08552)





Bouri v Jackson


2019 NY Slip Op 08552


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07680
 (Index No. 507882/13)

[*1]Abdelhak Bouri, respondent,
v
Travis Jackson, appellant.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellant.
Jaroslawicz & Jaros, PLLC, New York, NY (David Tolchin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 26, 2017. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated July 20, 2016, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer.
ORDERED that the order dated June 26, 2017, is affirmed insofar as appealed from, with costs.
On July 4, 2013, the plaintiff and the defendant were involved in a motor vehicle collision at the intersection of Emmons and Bedford Avenues in Brooklyn. On December 12, 2013, the plaintiff commenced this action to recover damages for his alleged injuries. This action was joined for trial with another action arising out of the same accident.
The Supreme Court initially directed that depositions be completed by October 8, 2014. The defendant did not appear for a deposition by that date, and he eventually failed to comply with multiple court orders directing him to appear for his deposition. In one of those orders, dated August 21, 2015, the court directed that depositions "will proceed as scheduled regardless of the status or availability of any parties or attorneys from any other action arising out of the subject accident."
On March 22, 2016, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer. In opposition, the defendant submitted his own affidavit, in which he stated: "I have not appeared for a deposition to date because, as my attorneys have advised me, the plaintiffs in the related action . . . have yet to be deposed."
On March 28, 2016, the defendant separately moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiff opposed that [*2]motion.
In an order dated June 8, 2016, the Supreme Court, inter alia, conditionally granted that branch of the plaintiff's motion which was to strike the defendant's answer, stating: "Defendant to appear for deposition on July 8, 2016 or answer is stricken. This order is self executing." The defendant did not appear for his deposition on July 8, 2016, and, in an order dated July 20, 2016, the court granted that branch of the plaintiff's motion which was to strike the defendant's answer. In an order dated August 3, 2016, the court denied, as academic, the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Bouri v Jackson, ___ AD3d ___ [Appellate Division Docket No. 2016-8325; decided herewith]).
On August 31, 2016, the defendant moved for leave to renew his opposition to that branch of the plaintiff's motion which was to strike his answer. In support, defense counsel submitted an affirmation in which he stated that he lost contact with the defendant following the issuance of the order dated June 8, 2016, conditionally striking the defendant's answer, because the defendant had been arrested. According to the timeline in defense counsel's affirmation, the defendant had already violated five court orders to appear for his deposition at the time of his arrest.
In an order dated June 26, 2017, the Supreme Court granted that branch of the motion which was for leave to renew, and, upon renewal, adhered to its original determination. The court noted that the defendant lacked an adequate excuse for each violation of an order to appear for his deposition. The defendant appeals.
"[A] trial court is given broad discretion to oversee the discovery process" (Castillo v Henry Schein, Inc., 259 AD2d 651, 652). Although actions should be resolved on the merits wherever possible (see Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580), a court may strike the "pleadings or parts thereof" (CPLR 3126[3]) as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (see Soto v City of Long Beach, 197 AD2d 615, 616; Spira v Antoine, 191 AD2d 219), "the remedy of dismissal is only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (see Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, 862 [internal quotation marks omitted]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures, or a failure to comply with court-ordered discovery over an extended period of time (see Maliah-Dupass v Dupass, 166 AD3d 873, 875; Gutman v Cabrera, 121 AD3d 1042, 1043).
Here, given the defendant's repeated violations of court orders to appear for his deposition, the Supreme Court providently exercised its discretion, upon renewal, in adhering to its original determination granting that branch of the plaintiff's motion which was to strike the defendant's answer (see Kryzhanovskaya v City of New York, 31 AD3d 717; Montgomery v City of New York, 296 AD2d 386, 386-87). Contrary to the defendant's contention, the fact that he had disappeared or made himself unavailable did not provide a basis for denying that branch of the plaintiffs' motion which was to strike his answer for his failure to appear at a deposition and to comply with a court-ordered discovery request (see Maignan v Nahar, 37 AD3d 557, 557).
The defendant's remaining contentions are without merit.
The contention raised at Point III of the plaintiff's brief is not properly before this Court (cf. Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546).
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court