■ JOSEPH SCARDINO, Individually and as Executor of MARY SCARDINO, Deceased, Respondent, v TOWN OF BABYLON, Appellant. [669 NYS2d 655] —In an action to recover damages for personal injuries and wrongful death, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 1, 1997, which granted the plaintiff's motion to preclude the defendant from offering any evidence at

trial in support of its defense, and (2) an order of the same court dated August 8, 1997, which, *inter alia,* granted the plaintiff's motion for summary judgment in its favor on the issue of liability.

Ordered that the order dated May 1, 1997, is reversed, and the plaintiff's motion to preclude the defendant from offering any evidence at trial in support of its defense is denied; and it is further,

Ordered that the order dated August 8, 1997, is reversed, on the law, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

We agree with the contention of the defendant, Town of Babylon, that the court improvidently exercised its discretion in precluding it from offering any evidence in its defense. The order of preclusion was based on the Town's failure to timely comply with an oral order of the court issued on February 5, 1997, directing it to submit an affidavit attesting to the fact that Joseph Costanza, who observed the decedent shortly after the accident, was no longer employed by the Town. It is well settled that an order of preclusion should only be imposed where the moving party establishes that the failure to disclose is willful, contumacious, or in bad faith (*see, Ahroni v City of New York,* 175 AD2d 789). It is undisputed that it was not until March 18, 1997, that the Town first learned of the February 5, 1997, order. The Town thereafter attempted to obtain the requisite affidavit from its one-time Director of Personnel, who apparently had retired recently, and who did not provide the affidavit. In any event, on or about June 4, 1997, the Town complied with the order by submitting an affidavit from Anita Katz, the Acting Director of Personnel, indicating that Costanza had retired on December 31, 1996. Accordingly, as the plaintiff failed to show that the delay in complying with the court order was willful, contumacious, or in bad faith, it was an improvident exercise of discretion to preclude the Town from offering any evidence in its defense (*cf., Donovan v City of New York,* 239 AD2d 461).

In light of the fact that the granting of the plaintiff's motion for summary judgment on the issue of liability was predicated on the Town being precluded from offering any evidence at trial in its defense, reversal of the second order is also warranted. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.