■ LILLIAN HERRERA, Respondent, v BEATRICE R. MATLIN, Appellant. [758 NYS2d 7] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 13, 2002, which, in an action for medical malpractice, granted plaintiff's motion to strike defendant's answer on the ground of defendant's decedent's spoliation of evidence, unanimously affirmed, without costs.

It appears that when defendant's decedent retired approximately a year after his last treatment of plaintiff, he simply left all of his patient records, including X rays of plaintiff's injured wrist and the records of his year-long treatment of her, in a filing cabinet in the medical office where he worked, without arranging for their transfer to another doctor or return to his patients. Attempts by plaintiff to procure these records from the medical office, a nonparty professional corporation, have been, as the IAS court put it, "predictably" unsuccessful. This loss of evidence, attributable to defendant's decedent's professional misconduct in failing to maintain a patient's records for at least six years (Education Law § 6530 [32]; 8 NYCRR 29.2 [a] [3]), deprives plaintiff of any means of establishing a prima facie case, is no less prejudicial because of its inadvertence and warrants the striking of defendant's answer (*see Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]; *Squitieri v City of New York*, 248 AD2d 201, 203 [1998]; *Silvestri v General Motors Corp.*, 271 F3d 583, 593 [2001]). Concur—Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.