LORNE R. CAMPBELL, M.D., Appellant, v MARY OBEAR, M.D., Ph.D., Respondent. (Appeal No. 1.) [809 NYS2d 371]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered July 8, 2004. The order granted defendant's second preclusion motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from defendant's alleged breach of the parties' employment contract. Pursuant to the contract, defendant was to share in the costs of the medical practice for the two years in which she was an employee in an amount to be determined after the end of the two-year period of employment. Also pursuant to the contract, plaintiff was required to provide defendant with biannual accountings of the expenses of the practice. During the course of the litigation, Supreme Court issued a conditional order of preclusion, directing plaintiff to provide defendant with an accounting, setting forth the expenses for which the practice allegedly was entitled to reimbursement. At issue in appeal No. 1 is an order granting defendant's second preclusion motion based upon plaintiff's failure to comply with the conditional order of preclusion. In opposition to defendant's first preclusion motion, plaintiff had acknowledged that his responses could have been more timely, but he asserted that he has an "extremely busy medical practice" and limited time to devote to this matter. We conclude that the court properly granted defendant's second preclusion motion, inasmuch as defendant demonstrated that plaintiff's failure to comply with the conditional order of preclusion was willful and contumacious (*see Leone v Esposito*, 299 AD2d 930, 931 [2002], *lv dismissed* 99 NY2d 611 [2003]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760, 761 [1999]; *see also Forman v Jamesway Corp.*, 175 AD2d 514, 515 [1991]).

With respect to appeal No. 2, we agree with defendant that the court did not abuse its discretion in denying the motion of plaintiff for leave to renew his opposition to defendant's second preclusion motion. As the court properly determined, plaintiff failed to offer a reasonable justification for failing to submit the newly-submitted material in opposition to the prior motion (*see generally* CPLR 2221 [e] [3]; *Villani v Beamer*, 11 AD3d 918,

919-920 [2004]). In any event, we note that the excuse that plaintiff had limited time in which to comply with the order directing him to provide defendant with an accounting because he has an "extremely busy medical practice" is not reasonable, particularly in view of the fact that plaintiff was obligated to provide defendant with biannual accountings of the expenses of the practice pursuant to the express terms of the subject contract (*cf. Olean Urban Renewal Agency v Herman*, 101 AD2d 712, 712-713 [1984]). Equally lacking in merit is the further explanation of plaintiff that his former attorney caused the noncompliance with the conditional order of preclusion. The record establishes that plaintiff himself was actively engaged in the litigation.

We agree with plaintiff, however, that the court erred in granting defendant's cross motion for sanctions, and we therefore modify the order in appeal No. 2 accordingly. Defendant failed to establish that plaintiff's motion for leave to renew and plaintiff's subsequent motion to compel the production of documents provided to plaintiff's former attorney were "frivolous" or "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]). Moreover, the court did not comply with 22 NYCRR 130-1.2 by setting forth in its written decision in appeal No. 2 "the conduct on which the . . . imposition [of sanctions] is based, [and] the reasons why the court found the conduct to be frivolous," nor did the court set forth in its written decision in appeal No. 3 "the reasons why the court found the amount awarded . . . to be appropriate" (*id.*). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.