■ JESSE VAZQUEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [914 NYS2d 127]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered June 12, 2009, which denied defendant's motion to compel disclosure and granted plaintiff's cross motion for a protective order, unanimously affirmed, without costs.

The motion court properly declined to compel the disclosure of plaintiff's siblings' medical and academic records since defendant "fail[ed] to offer any expert evidence establishing a particularized need for inquiry into such matters not placed at

issue by the complaint" (*Mendez v Equities By Marcy*, 24 AD3d 138 [2005]). Nothing more than speculation supports defendant's assertion that the mental condition of the siblings has any bearing on plaintiff's condition, particularly since plaintiff's claim is that the exposure to lead exacerbated his pervasive developmental disorder (PDD), not that it actually caused the *PDD*. Defendant submitted an affidavit by an expert who stated that the requested records would assist him in addressing plaintiff's condition, but never addressed the affidavit by plaintiff's expert, who rebutted defendant's expert's affidavit in detail and stated that plaintiff's medical and academic records from before his alleged exposure to lead were "more than adequate" for the purpose of drawing diagnostic and prognostic conclusions concerning plaintiff's condition after the alleged lead paint exposure. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.