Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered September 19, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiffs’ motion to strike defendants’ answers to the extent of precluding defendant 1211 Wheeler LLC (Wheeler) from introducing evidence that it lacked notice of a hazardous lead paint condition, and denied Wheeler’s motion to compel plaintiffs to produce authorizations for the medical and educational records of the infant plaintiff’s nonparty siblings, unanimously modified, on the law and the facts, to grant plaintiffs’ motion to the extent of striking Wheeler’s answer, and otherwise affirmed, without costs.
During the pendency of a stay of this action, Wheeler sold the premises where the infant plaintiff was allegedly exposed to lead, and all the building records and tenant files were lost. We find that since the loss of these records deprived plaintiffs of the *603 means of establishing their prima facie case, the extreme sanction of striking Wheeler’s answer is warranted (see e.g. Gray v Jaeger, 17 AD3d 286 [1st Dept 2005]; see also Herrera v Mattin, 303 AD2d 198 [1st Dept 2003]).
We agree with the motion court that defendant AKS 183rd St. Realty Corp. substantially complied with discovery notices and orders.
Wheeler failed to demonstrate its entitlement to the medical and academic records of the infant plaintiffs nonparty siblings (see Vazquez v New York City Hous. Auth., 79 AD3d 623 [1st Dept 2010]; Monica W. v Milevoi, 252 AD2d 260, 262 [1st Dept 1999]).
In any event, plaintiff mother did not waive the physician-patient privilege with respect to the siblings’ medical records (see CPLR 4504 [a]).
Concur—Sweeny, J.E, Renwick, Andrias, Saxe and Kapnick, JJ.