■ BARBARA PIATEK et al., Plaintiffs, v OAK DRIVE ENTERPRISES, INC., et al., Defendants, ST. ANDREWS UKRAINIAN ORTHODOX CHURCH, Defendant/Third-Party Plaintiff-Respondent, SAEED AINECHI et al., Defendants/Second Third-Party Plaintiffs-Respondents, and ALFRED MIERZEJEWSKI ARCHITECT, P.C., et al., Defendants/Third-Party Defendants. VOJTEK CONSTRUCTION, INC., Third-Party Defendant/Second Third-Party Defendant-Appellant. [11 NYS3d 250]—

In an action, inter alia, to recover damages for wrongful death, the third-party defendant/second third-party defendant, Vojtek Construction, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated April 3, 2013, as granted that branch of the motion of the defendant/third-party plaintiff, St. Andrews Ukranian Orthodox Church, joined in by the defendants/second third-party plaintiffs, Saeed Ainechi and A&A Consulting Engineer, Inc., which was pursuant to CPLR 3126 for the imposition of sanctions to the extent of precluding it "from offering any testimony or evidence at trial with regard to liability" in the event that it failed to produce a certain witness for deposition within 45 days of the order, and (2) so much of an order of the same court dated June 20, 2013, as, upon, in effect, reargument, adhered to the determination in the order dated April 3, 2013.

Ordered that the appeal from the order dated April 3, 2013, is dismissed, as that order was superseded by the order dated June 20, 2013, made upon reargument; and it is further,

Ordered that the order dated June 20, 2013, is affirmed insofar as appealed from, without costs or disbursements.

In an order dated April 3, 2013, the Supreme Court granted that branch of the motion of the defendant/third-party plaintiff, St. Andrews Ukranian Orthodox Church, joined in by the defendants/second third-party plaintiffs, Saeed Ainechi and A&A

Consulting Engineer, Inc., which was pursuant to CPLR 3126 for the imposition of sanctions upon the third-party defendant/second third-party defendant, Vojtek Construction, Inc. (hereinafter Vojtek), to the extent of precluding Vojtek "from offering any testimony or evidence at trial with regard to liability" in the event that it failed to produce a certain witness for deposition within 45 days of the order. In effect, upon reargument, the Supreme Court adhered to that determination, and explained that the phrase "any testimony or evidence" meant all testimony and evidence, including testimony or evidence that might be adduced from a party other than Vojtek. In light of Vojtek's failure, over an extended period of time, to comply with multiple so-ordered stipulations directing it to produce a witness for a deposition, the Supreme Court properly concluded that Vojtek engaged in willful and contumacious conduct and, in effect, upon reargument, providently exercised its discretion in precluding Vojtek "from producing any testimony or evidence in the liability portion of the trial even if said testimony or evidence is to be adduced from a party other than Vojtek" (*see Yong Soon Oh v Hua Jin*, 124 AD3d 639, 641 [2015]; *Stone v Zinoukhova*, 119 AD3d 928, 930 [2014]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.