■ NEW YORK TIMBER, LLC, Respondent, v SENECA COMPANIES, Appellant. [19 NYS3d 78]—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 10, 2014, which granted the plaintiff's motion for leave to

extend the time to file a note of issue and, in effect, denied its cross motion pursuant to CPLR 3126 to strike the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, CPLR 3404 does not apply to this pre-note of issue case (*see Goodman v Lempa*, 124 AD3d 581 [2015]; *Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661 [2008]; *Suburban Restoration Co., Inc. v Viglotti*, 54 AD3d 750, 751 [2008]). Furthermore, there was no 90-day demand pursuant to CPLR 3216 served upon the plaintiff, inter alia, requiring that the plaintiff serve and file a note of issue within 90 days after receipt of such demand (*see* CPLR 3216 [b] [3]; *Countrywide Home Loans, Inc. v Gibson*, 111 AD3d 875 [2013]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]; *Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 658 [2012]). Therefore, under these circumstances, and given the plaintiff's reasonable excuse for the delay in conducting discovery and the lack of prejudice to the defendant, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to extend the time to file a note of issue (*see* CPLR 2004; *Oliver v Town of Hempstead*, 68 AD3d 1079, 1080 [2009]; *Conway v Brooklyn Union Gas Co.*, 212 AD2d 497 [1995]; *Markarian v Hundert*, 180 AD2d 780, 781 [1992]; *Carte v Segall*, 134 AD2d 397, 398 [1987]).

Moreover, the Supreme Court providently exercised its discretion in denying the defendant's cross motion pursuant to CPLR 3126 to strike the complaint for the plaintiff's alleged failure to comply with court-ordered discovery. The drastic remedy of striking a pleading should not be imposed unless the failure to comply with discovery demands or orders was clearly willful and contumacious (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Commisso v Orshan*, 85 AD3d 845 [2011]). The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery, and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time (*see Tos v Jackson Hgts. Care Ctr., LLC*, 91 AD3d 943, 944 [2012]; *Mangru v Schering Corp.*, 90 AD3d 621 [2011]; *Matone v Sycamore Realty Corp.*, 87 AD3d 1113, 1114 [2011]).

Here, the plaintiff substantially complied with the defendant's notices for discovery, and made a good faith effort to locate certain items requested by the defendant, even though it was unable to locate them. Under the circumstances of this case, there was no clear showing that the plaintiff's conduct was

willful and contumacious (*see Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Prappas v Papadatos*, 38 AD3d 871, 872-873 [2007]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.