■ DIANE RICHARDS, Respondent, v RP STELLAR RIVERTON, LLC, et al., Appellants, et al., Defendant. [25 NYS3d 346]—

In an action to recover damages for personal injures, the defendants RP Stellar Riverton, LLC, and Stellar Management, LLC, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Schneier, J.), dated November 24, 2014, as granted the plaintiff's motion, in effect, pursuant to CPLR 3126 to strike their answer to the extent of precluding them from offering any evidence on the issue of liability at the trial of this matter unless they provided certain discovery by a specified date, and (2) so much of an order of the same court dated March 26, 2015, as denied their motion to vacate the note of issue.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Generally, the nature and degree of a penalty to be imposed on a motion pursuant to CPLR 3126 is left to the discretion of the Supreme Court (*see Krause v Lobacz*, 131 AD3d 1128, 1128-1129 [2015]; *see also Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 877 [2015]; *Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]). "To invoke the drastic remedy of preclusion, the Supreme Court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Pryzant v City of New York*, 300 AD2d 383, 383 [2002]; *see Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]). "The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery, and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time" (*New York Timber, LLC v Seneca Cos.*, 133 AD3d 576, 577 [2015]; *see Palmieri v Piano Exch., Inc.*, 124 AD3d at 612; *Matone v Sycamore Realty Corp.*, 87 AD3d 1113, 1114 [2011]).

Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion, in effect, pursuant to CPLR 3126 to strike the appellants' answer to the extent of precluding them from offering any evidence on the issue of liability at

the trial of this matter unless they provided certain discovery by a specified date. The willful, deliberate, and contumacious character of the appellants' conduct may be inferred from their repeated failures, without an adequate excuse, over a period of more than four years, to comply with the plaintiff's discovery demands and five discovery orders (*see Lazar, Sanders, Thaler & Assoc., LLP v Lazar*, 131 AD3d 1133, 1134 [2015]; *Estaba v Quow*, 101 AD3d 940, 941 [2012]; *Flynn v City of New York*, 101 AD3d 803, 805 [2012]).

The appellants' remaining contentions are without merit. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.