■ GAMAL HASAN, Plaintiff, v 18-24 LUQUER STREET REALTY, LLC, Defendant/Third-Party Plaintiff/Third Third-Party Plaintiff-Respondent. AK CONCRETE, INC., Third-Party Defendant/Second Third-Party Plaintiff/Third Third-Party Defendant-Appellant; A.A.D. CONSTRUCTION CORP., Second Third-Party Defendant/Third Third-Party Plaintiff-Respondent; BRICOLAGE ARCHITECTURE & DESIGN, PLLC, et al., Second Third-Party Defendants/Third Third-Party Defendants-Respondents, et al., Third-Party Defendant/Third Third-Party Defendant. (And Another Title.) [45 NYS3d 98]—

In an action to recover for damage to property, AK Concrete, Inc., appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 25, 2014, as granted the motion of 18-24 Luquer Street Realty, LLC, and A.A.D. Construction Corp., and the separate motion of Bricolage Architecture & Design, PLLC, Bricolage Design Association, and Bricolage Designs, which was pursuant to CPLR 3126 to the extent of precluding it from offering any testimony or evidence at trial, and (2) from so much of an order of the same court (Knipel, J.), dated August 7, 2014, as denied that branch of its motion which was pursuant to CPLR 5015 to vacate the February 25, 2014, order and, in effect, upon reargument, adhered to its original determination in the February 25, 2014, order.

Ordered that the appeal from the order dated February 25, 2014, is dismissed, as that order was superseded by the order dated August 7, 2014, made, in effect, upon reargument; and it is further,

Ordered that the order dated August 7, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

"If a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just' " (*Smith v County of Nassau*, 138 AD3d 726, 728 [2016], quoting CPLR 3126). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (*Morales v Zherka*, 140 AD3d 836, 836-837 [2016]; *see Richards v RP Stellar Riverton, LLC*, 136 AD3d 1011, 1011 [2016]). " 'To invoke the drastic remedy of preclusion, the Supreme Court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious' " (*Richards v RP Stellar Riverton, LLC*, 136 AD3d at 1011, quoting *Pryzant v City of New York*, 300 AD2d 383, 383 [2002]; *see Brinson v Pod*, 129 AD3d 1005, 1009 [2015]; *Scardino v Town of Babylon*, 248 AD2d 371 [1998]). " 'The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery, and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time' " (*Richards v RP Stellar Riverton, LLC*, 136 AD3d at 1011, quoting *New York Timber, LLC v*

*Seneca Cos.*, 133 AD3d 576, 577 [2015]; *see Vitolo v Suarez*, 130 AD3d 610, 612 [2015]).

Here, AK Concrete, Inc. (hereinafter AK Concrete), failed to produce a witness for deposition in violation of six court orders issued over the course of four years. As a result, 18-24 Luquer Street Realty, LLC, and A.A.D. Construction Corp. moved, pursuant to CPLR 3126, to strike AK Concrete's pleadings and preclude it from offering evidence at trial, and Bricolage Architecture & Design, PLLC, Bricolage Design Association, and Bricolage Designs, separately moved, pursuant to CPLR 3126, to strike AK Concrete's pleadings. In opposition to the motions, counsel for AK Concrete stated that the only witness for AK Concrete, its principal, could not be located.

We agree with the Supreme Court that the contention of counsel for AK Concrete, that it was unable to locate its witness to ensure that he appeared for deposition, was inadequate to excuse its failure to comply with the court's discovery orders. The evidence demonstrates that counsel for AK Concrete failed to make efforts to contact the witness for almost two years during the pendency of the litigation, until after the fourth discovery order requiring AK Concrete to appear for deposition was issued. In addition, the evidence submitted by AK Concrete indicates that the witness was aware that litigation regarding AK Concrete, which required his participation, was ongoing. In light of AK Concrete's willful and contumacious conduct, the Supreme Court providently exercised its discretion in precluding AK Concrete from, among other things, offering any testimony or evidence at trial (*see Piatek v Oak Dr. Enters., Inc.*, 129 AD3d 811 [2015]; *Stone v Zinoukhova*, 119 AD3d 928 [2014]; *Touray v Munoz*, 96 AD3d 623 [2012]; *Mason v MTA N.Y. City Tr.*, 38 AD3d 258 [2007]).

AK Concrete's remaining contentions are without merit.

Accordingly, the Supreme Court also providently exercised its discretion in denying that branch of AK Concrete's motion which was to vacate the February 25, 2014, order and, in effect, upon granting that branch of AK Concrete's motion which was for leave to reargue, adhering to the February 25, 2014, order. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.