■ PATRICE JAMES IRVING, as Administrator of the Estate of MAUREEN MALCOLM, Deceased, Appellant, v FOUR SEASONS NURSING AND REHABILITATION CENTER et al., Respondents, et al., Defendant. [55 NYS3d 140]—

Appeal from an order of the Supreme Court, Kings County (Martin Schneier, J.H.O.), dated December 2, 2014. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to impose a penalty for failure to comply with discovery demands and orders.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2009, Maureen Malcolm (hereinafter the decedent) commenced this action, inter alia, to recover damages for personal injuries, human rights violations, intentional infliction of emotional distress, and medical malpractice with respect to the care that she received at a nursing home operated by the defendants Four Seasons Nursing and Rehabilitation Center and Parkshore Health Care, LLC (hereinafter together the respondents). Included in these causes of action were allegations of violations of Public Health Law § 2801-d and Administrative Code of the City of New York § 8-502 (a). The complaint also sought an award of punitive damages. Patrice James Irving, as the administrator of the decedent's estate, was subsequently substituted as the plaintiff in this action. Thereafter, in July 2014, the plaintiff moved, inter alia, to strike the respondents' answer or, in the alternative, preclude the respondents from offering evidence at trial, on the ground that the respondents willfully and contumaciously failed to comply with discovery demands and orders. In an order dated December 2, 2014, the Supreme Court directed the respondents to provide documents responsive to several of the plaintiff's discovery demands, but otherwise denied the motion. The plaintiff appeals from so much of the order as denied that branch of her motion which was to impose a penalty for failure to comply with discovery demands and orders.

"Generally, the nature and degree of a penalty to be imposed on a motion pursuant to CPLR 3126 is left to the discretion of

the Supreme Court" (*Richards v RP Stellar Riverton, LLC*, 136 AD3d 1011, 1011 [2016]; *see Clarke v Clarke*, 113 AD3d 646 [2014]). "However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (*Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *see Henry v Datson*, 140 AD3d 1120, 1121 [2016]; *New York Timber, LLC v Seneca Cos.*, 133 AD3d 576 [2015]). Here, the plaintiff failed to make a clear showing that the respondents' conduct was willful and contumacious (*see Yakobowicz v Yakobowicz*, 142 AD3d 996, 997 [2016]; *De Leo v State-Whitehall Co.*, 126 AD3d 750, 752 [2015]; *Scorzari v Pezza*, 111 AD3d 916 [2013]; *cf. Roug Kang Wang v Chien-Tsang Lin*, 94 AD3d 850, 851 [2012]; *Powell v Cipollaro*, 34 AD3d 551 [2006]). Moreover, the plaintiff's discovery demands contain requests which are overly broad, are lacking in specificity, or seek irrelevant documents (*see Scorzari v Pezza*, 111 AD3d 916 [2013]; *Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi*, 106 AD3d 921 [2013]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 746 [2010]; *Latture v Smith*, 304 AD2d 534, 536 [2003]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to strike the respondents' answer or preclude them from presenting evidence at the time of trial. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.