Hypercel Corp. v Stampede Presentation Prods., Inc. (2018 NY Slip Op 00936)





Hypercel Corp. v Stampede Presentation Prods., Inc.


2018 NY Slip Op 00936


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1403 CA 17-01177

[*1]HYPERCEL CORPORATION, PLAINTIFF-APPELLANT,
v
STAMPEDE PRESENTATION PRODUCTS, INC., DEFENDANT-RESPONDENT. 






KAZLOW & KAZLOW, P.C., NEW YORK CITY (STUART L. SANDERS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COLLIGAN LAW, LLP, BUFFALO (MATTHEW K. PELKEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 10, 2017. The order, inter alia, granted that part of the motion of defendant asking the court to "renew and reconsider" its prior motion pursuant to CPLR 3126, and precluded plaintiff from introducing or relying on any evidence concerning its former employee, including secondary and hearsay evidence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by, upon renewal, denying that part of the motion pursuant to CPLR 3126 with respect to any secondary or hearsay evidence related to plaintiff's former employee and as modified the order is affirmed without costs in accordance with the following memorandum: In this breach of contract action, plaintiff appeals from an order that, inter alia, precluded it from introducing or relying on any evidence or testimony related to plaintiff's former employee, including any secondary or hearsay evidence related to that employee. We conclude that Supreme Court abused its discretion in precluding the use of any secondary or hearsay evidence.
Plaintiff is a corporation that manufactures various consumer products, including armbands that people use to hold their cell phones while exercising. Defendant is a corporation that sells such armbands. The parties entered into a contract for defendant to purchase a certain amount of armbands from plaintiff but, upon receiving those armbands, defendant realized that they were not compatible with the recently released "iPhone 5 and other PDA's." Defendant refused to pay for the armbands and attempted to return them, but plaintiff refused to accept them and commenced this action.
During discovery, defendant sought to depose plaintiff's employee who negotiated the sale of the armbands to defendant, but that employee was no longer employed by plaintiff. Plaintiff provided defendant with information concerning the former employee's last known address in California but, after defendant notified plaintiff of its intent to conduct an ex parte interview of the former employee, another attorney from the law firm representing plaintiff filed a notice of appearance indicating that the law firm was "appear[ing] as counsel" for the former employee, who was referred to therein as a "third party" in connection with the action. As a result of that notice of appearance, defendant was precluded from interviewing the former employee.
The parties scheduled a video deposition of the former employee, which was adjourned due to her travel schedule. Two months later, plaintiff's attorney notified defendant's attorney that the office of plaintiff's attorney had "lost contact" with the former employee and would "not be able to produce her for a deposition." Plaintiff's attorney advised defendant's attorney to "pursue other alternatives, if you still wish to depose her."
Defendant thereafter moved pursuant to CPLR 3126 to dismiss the complaint or, in the alternative, to preclude plaintiff "from utilizing any evidence or testimony relating to [the former employee], including but not limited to any secondary or hearsay evidence relating" to her. Plaintiff's attorney thereafter cross-moved for "an order relieving [her firm] as attorneys of record" for the former employee. The court denied defendant's motion without prejudice, "with the condition" that, if the former employee were not produced for a deposition, then the court would reconsider the motion. The court also denied the cross motion of plaintiff's attorney "until counsel has either produced [the former employee] for a deposition or has made sufficient efforts to secure her appearance at a deposition."
Plaintiff's attorney never produced the former employee for a deposition. Rather, plaintiff's attorney sent the former employee a letter informing her that the attorney's "motion" to be relieved as her attorney had been denied and that the court had directed plaintiff's attorney "to make additional efforts to secure [her] appearance for the deposition." The court's decision was attached to the letter. Plaintiff's attorney sent the former employee a second letter asking for her consent to allow the attorney's firm to be relieved as her attorneys. There is no indication that plaintiff's attorney ever received a response from the former employee.
The court thereafter, in relevant part, granted that part of defendant's subsequent motion asking the court "to renew and reconsider" its prior motion pursuant to CPLR 3126, and precluded plaintiff from introducing or relying on any evidence concerning the former employee, including secondary and hearsay evidence.
It is well settled that "[t]he nature and degree of the penalty to be imposed on a CPLR 3126 motion lies within the sound discretion of the trial court and will be disturbed only if there has been an abuse or improvident exercise of discretion" (Kimmel v State of New York, 267 AD2d 1079, 1080 [4th Dept 1999]; see Perry v Town of Geneva, 64 AD3d 1225, 1226 [4th Dept 2009]). A party seeking a penalty of preclusion or dismissal "is required to demonstrate that a litigant, intentionally or negligently, dispose[d] of crucial items of evidence . . . before the adversary ha[d] an opportunity to inspect them . .
. , thus depriving the party seeking a sanction of the means of proving his [or her] claim or defense" (Koehler v Midtown Athletic Club, LLP, 55 AD3d 1444, 1445 [4th Dept 2008] [internal quotation marks omitted]; see CPLR 3126 [2]; Bill's Feed Serv., LLC v Adams, 132 AD3d 1400, 1401 [4th Dept 2015]).
Here, the court's remedy of precluding primary and secondary evidence related to the former employee effectively precludes plaintiff from asserting its claim. Such a remedy is "reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [3d Dept 2014] [internal quotation marks omitted]; see Hasan v 18-24 Luquer St. Realty, LLC, 144 AD3d 631, 632 [2d Dept 2016]; Campbell v Obear, 26 AD3d 877, 877 [4th Dept 2006]).
Generally, where there is no evidence that a corporation exercises control over a former employee, that corporation cannot be held responsible for the former employee's refusal to appear for a deposition (see e.g. Cason v Smith, 120 AD3d 1554, 1555 [4th Dept 2014], lv dismissed 25 NY3d 1057 [2015]; Pezhman v Department of Educ. of the City of N.Y., 95 AD3d 625, 625 [1st Dept 2012]; Ewadi v City of New York, 66 AD3d 583, 583 [1st Dept 2009]). Here, however, the firm representing plaintiff undertook the representation of that former employee, implicitly conceding control over the former employee (see Hann v Black, 96 AD3d 1503, 1504 [4th Dept 2012]). When the court ordered plaintiff's attorney to make every reasonable effort to secure the former employee's appearance for a deposition, plaintiff's attorney merely sent a letter notifying the former employee that the attorney was supposed to make additional efforts to secure her presence. There is no evidence that any actual efforts to secure her appearance were made. We thus agree with the court that plaintiff should be precluded from presenting testimony from the former employee.
We conclude, however, that the court abused its discretion in precluding plaintiff from relying on any secondary or hearsay evidence related to the former employee. There was no order compelling the production of such evidence that plaintiff was alleged to have violated, and the court did not find a willful failure to disclose such evidence. We therefore modify the order accordingly.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court