Watson v 518 Pa. Hous. Dev. Fund Corp. (2018 NY Slip Op 02666)





Watson v 518 Pa. Hous. Dev. Fund Corp.


2018 NY Slip Op 02666


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-01015
 (Index No. 8555/13)

[*1]William Watson, appellant, 
v
518 Pennsylvania Housing Development Fund Corporation, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
Pillinger Miller Tarallo LLP, Elmsford, NY (Daniel O. Dietchweiler and Kristin Keehan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated December 10, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer or, alternatively, for an order of preclusion.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 for an order of preclusion, and substituting therefore a provision granting that branch of the motion to the extent of precluding the defendants from offering at trial any document that was not produced in response to the plaintiff's discovery demands; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff was a resident of an apartment building formerly owned and managed by the defendants. The plaintiff commenced this action against the defendants alleging, inter alia, that while he was in the building, he was shot by an intruder or intruders who gained access to the common areas of the building due to the defendants' failure to maintain the building's entrances and to properly secure the building. After issue was joined, the plaintiff requested that the defendants produce records regarding the condition of the building's entrances and locks. In response, the [*2]defendants objected to the plaintiff's demand on the ground that "litigation has only just begun," but also asserted that they were not in possession of any responsive documents. The plaintiff served a supplemental demand for additional documents, and a preliminary conference order directed the defendants to provide a response to the supplemental demand and to supplement their response to the plaintiff's original demand. When the defendants failed to produce documents in response to the preliminary conference order, the plaintiff moved to compel compliance and obtained orders directing the defendants to respond. The defendants responded that they were not in possession of any records regarding the building's entrances, doors, or locks, and did not possess any records regarding safety, security, or crimes on the premises.
Additional motion practice followed, which led to court orders requiring the defendants to respond to aspects of the plaintiff's demands. The defendants thereafter submitted an affidavit with respect to their efforts to provide the names and addresses of various former employees. Another motion by the plaintiff followed, resulting in a court order directing the defendants to provide a more detailed affidavit. In response to this order, the defendants provided an affidavit from their principal in which he stated that the building had been transferred to a third party shortly after the preliminary conference and that, apart from a "tenant file" already produced, all documents related to the building had been transferred to the new owner. The plaintiff then sought the records from the new owner, which furnished affidavits in which it was asserted that the new owner did not possess any of the requested documents. The plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer or, alternatively, for an order of preclusion. The Supreme Court denied the requested sanctions, and the plaintiff appeals.
We agree with the Supreme Court that, under the circumstances presented, the plaintiff was not entitled to an order striking the defendants' answer on the ground of spoliation.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see CPLR 3126; Neve v City of New York, 117 AD3d 1006, 1008; Rodman v Ardsley Radiology, P.C., 103 AD3d 871, 872). When spoliation has been established, the court has broad discretion in determining an appropriate sanction (see Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718). "The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 714).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence. The plaintiff failed to sustain his burden of establishing that spoliation occurred as there was no evidence submitted that the requested documents ever actually existed (see State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1295-1296; Jean-Pierre v Touro Coll., 40 AD3d 819). The plaintiff also did not establish that the absence of any such documents deprived him of his ability to prove his claim (see Neve v City of New York, 117 AD3d 1006; Samaroo v Bogopa Serv. Corp., 106 AD3d at 714; Utica Mut. Ins. Co. v Berkoski Oil [*3]Co., 58 AD3d at 718-719; cf. Vincent L. v AKS 183rd St. Realty Corp., 118 AD3d 602). No depositions were ever conducted, and no affidavit was submitted by the plaintiff, or any other witness, attesting to the circumstances of the shooting. While the plaintiff's verified complaint asserts that the plaintiff was shot by an intruder or intruders who gained access due to the defendants' negligence, the pleading was verified by the plaintiff's attorney. In the absence of evidence from the plaintiff as to the circumstances of the shooting and any explanation as to why such evidence could not be obtained, it cannot be said that the plaintiff has been deprived of his ability to prove his case.
However, under the circumstances of this case, the Supreme Court should have exercised its discretion to grant the plaintiff the alternative relief of an order of preclusion. An order of preclusion may be entered where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (see Hasan v 18-24 Luquer St. Realty, LLC, 144 AD3d 631; Richards v RP Stellar Riverton, LLC, 136 AD3d 1011). "The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery, and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time" (New York Timber, LLC v Seneca Cos., 133 AD3d 576, 577). Here, the defendants failed to produce relevant documents that were directed to be produced by the preliminary conference order. That failure led to two motions by the plaintiff to compel compliance, only to have the defendants assert that the building had been sold shortly after the preliminary conference order had been issued and that all documents had been transferred to the new owner. The new owner then denied having any of the requested documents. The defendants offer no excuse for their conduct. The defendants' dilatory discovery conduct cannot be condoned, and it would be manifestly unfair to the plaintiff for the defendants to attempt to offer any of the subject documents at trial, should the documents be located. Accordingly, the court should have granted that branch of the plaintiff's motion which was for an order of preclusion to the extent of precluding the defendants from offering at trial any document that was not produced in response to the plaintiff's discovery demands.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court