Chowdhury v Hudson Val. Limousine Serv., LLC (2018 NY Slip Op 04526)





Chowdhury v Hudson Val. Limousine Serv., LLC


2018 NY Slip Op 04526


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-04172
 (Index No. 703892/15)

[*1]Ahad Chowdhury, et al., plaintiffs-respondents,
v
Hudson Valley Limousine Service, LLC, et al., defendants-respondents, Derek A. Koonin, appellant, et al., defendants.


Mendolia & Stenz (Picciano & Scahill, P.C., Bethpage, NY [Andrea E. Ferucci], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Derek A. Koonin appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 8, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Hudson Valley Limousine Service, LLC, and Athanasios K. Roditis, and that branch of the plaintiffs' cross motion, which were pursuant to CPLR 3126 to strike the answer of the defendant Derek A. Koonin.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the motion of the defendants Hudson Valley Limousine Service, LLC, and Athanasios K. Roditis, and that branch of the plaintiffs' cross motion, which were pursuant to CPLR 3126 to strike the answer of the defendant Derek A. Koonin are denied.
The complaint alleges that on April 13, 2015, Ahad Chowdhury (hereinafter the injured plaintiff), while riding his bicycle, was injured in an accident involving a vehicle owned by the defendant Hudson Valley Limousine Service, LLC (hereinafter Hudson Valley Limo), and operated by the defendant Athanasios K. Roditis, and another vehicle, which was owned and operated by the defendant Derek A. Koonin. The injured plaintiff, and his wife suing derivatively, commenced this action against Hudson Valley Limo, Roditis, Koonin, and others to recover damages, inter alia, for personal injuries.
In November 2016, Hudson Valley Limo and Roditis moved pursuant to CPLR 3126 to strike Koonin's answer, to preclude him from testifying at trial, and/or to preclude him for offering any evidence at trial after he failed to appear for an examination before trial (hereinafter the EBT). The EBT had been scheduled four different times pursuant to a preliminary conference order entered September 17, 2015, a compliance conference order entered December 14, 2015, and so-ordered stipulations entered March 29, 2016, and July 14, 2016. The plaintiffs cross-moved, inter alia, for the same relief. In opposition to the motion and the cross motion, Koonin's attorney submitted an affirmation in which he stated that good-faith efforts, including hiring an investigator, had been employed to make contact with Koonin but that such efforts had been unsuccessful. The Supreme Court, inter alia, granted those branches of the motion and cross motion which were to strike [*2]Koonin's answer.
"The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (Crupi v Rashid, 157 AD3d 858, 859; see Dimoulas v Roca, 120 AD3d 1293, 1295; Arpino v F.J.F. & Sons Elec., Co., Inc., 102 AD3d 201, 210; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 738). "The general rule is that the court will impose a sanction commensurate with the particular disobedience it is designed to punish and go no further than that" (Crupi v Rashid, 157 AD3d at 859; see Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3126:8). This Court is vested with corresponding power to substitute its own discretion for that of the motion court, even in the absence of abuse (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; Household Fin. Realty Corp. of NY v Cioppa, 153 AD3d 908, 910; Lewis v John, 87 AD3d 564, 565).
In light of Koonin's failure to comply with multiple court orders and so-ordered stipulations directing him to appear for the EBT, the Supreme Court properly concluded that Koonin engaged in willful and contumacious conduct (see Riccuiti v Consumer Prod. Servs., LLC, 71 AD3d 754; Carabello v Luna, 49 AD3d 679, 680). However, under the circumstances, it was an improvident exercise of discretion to grant those branches of the motion and cross motion which were to strike Koonin's answer in light of the fact that the court also granted those branches of the motion and cross motion which were to preclude Koonin from offering any evidence at the time of trial (see e.g. Hasan v 18-24 Luquer St. Realty, LLC, 144 AD3d 631, 633; Piatek v Oak Dr. Enters., Inc., 129 AD3d 811, 812).
In light of our determination, we need not consider Koonin's remaining contentions.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court