Squires v Say (2021 NY Slip Op 06518)





Squires v Say


2021 NY Slip Op 06518


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


970 CA 21-00514

[*1]SUSAN SQUIRES, PLAINTIFF-RESPONDENT,
v
JENNIFER SAY, DEFENDANT-APPELLANT. 






LAW OFFICES OF JOHN TROP, ROCHESTER (THOMAS P. DURKIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FEROLETO LAW, BUFFALO (CARRIE A. ZIMBARDI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Genesee County (Charles N. Zambito, A.J.), entered March 12, 2021. The order denied the motion of defendant to strike the complaint or, in the alternative, to preclude plaintiff from offering evidence at trial that her injuries are permanent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for personal injuries allegedly sustained by plaintiff as the result of a motor vehicle collision, defendant appeals from an order that denied her motion to strike the complaint or, in the alternative, to preclude plaintiff from offering evidence at trial that her injuries are permanent, based on plaintiff's alleged failure to provide disclosure. "The nature and degree of a sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the court, and the striking of a pleading is appropriate only upon a clear showing that a party's failure to comply with a discovery demand or order is willful, contumacious, or in bad faith" (Mosey v County of Erie, 117 AD3d 1381, 1384 [4th Dept 2014]; see Windnagle v Tarnacki, 184 AD3d 1178, 1179 [4th Dept 2020]). We agree with Supreme Court that plaintiff's conduct during discovery did not rise to the level of willful or bad faith behavior so as to warrant the sanctions sought. We therefore conclude that the court did not abuse its discretion in denying defendant's motion pursuant to CPLR 3126 (see Windnagle, 184 AD3d at 1179-1180; Pinnock v Mercy Med. Ctr., 180 AD3d 1086, 1087 [2d Dept 2020]; cf. Campbell v Obear, 26 AD3d 877, 877 [4th Dept 2006]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court